# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

WILLIE SMITH,

                Petitioner,                           Case Number: 2:08-CV-13242

v.                                             HON. GERALD E. ROSEN

SHERRY BURT,

                Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

Petitioner Willie Smith has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner, who is incarcerated at the Parnall Correctional Facility in Jackson, Michigan, challenges his convictions for two counts of domestic violence.  For the reasons set forth below, the Court denies the petition.

## I.

Petitioner pleaded guilty in Saginaw County Circuit Court to two counts of domestic violence, third offense.  In exchange for his guilty plea, the prosecution dismissed charges of fleeing a police officer and resisting and obstructing a police officer.  On February 22, 2007, Petitioner was sentenced to two terms of three years, ten months to fifteen years' imprisonment, to be served concurrently.  On August 20, 2007, Petitioner filed a motion to withdraw guilty plea.  The motion was denied.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

I.      Mr. Smith was deprived of his Ams. V and XIV rights of due process when he
        was not brought to trial within 180 days of notification to the prosecuting
        attorney.

II.     Mr. Smith was deprives of his Ams. V and XIV rights of due process because his
        no contest plea was not intelligent, voluntary and understanding; entered without
        knowledge of the actual guidelines.

III.    Mr. Smith was deprived of his Ams. V and XIV rights of due process and his Am.
        VI right to effective assistance of counsel when counsel failed to accurately
        compute the guidelines prior to taking a plea, failed to communicate the same to
        his client and otherwise misinformed his client.

The Michigan Court of Appeals denied leave to appeal.  *People v. Smith*, No. 281126

(Mich. Ct. App. Dec. 28, 2007).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising

the same claims raised before the Michigan Court of Appeals.  The Michigan Supreme Court

denied leave to appeal.  *People v. Smith*, No. 281126 (Mich. Dec. 28, 2007).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the same

claims raised in state court.

## II.

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts

reviewing applications for a writ of habeas corpus:

An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted with respect to any
claim that was adjudicated on the merits in State court proceedings unless the
adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an
        unreasonable application of, clearly established Federal law, as
        determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable
        determination of the facts in light of the evidence presented in the

2

State court proceedings.

28 U.S.C. § 2254(d).  Therefore, federal courts are bound by a state court's adjudication of a

petitioner's claims unless the state court's decision was contrary to or involved an unreasonable

application of clearly established federal law.  *Franklin v. Francis*, 144 F.3d 429 (6th Cir. 1998).

Additionally, this Court must presume the correctness of state court factual determinations.  28

U.S.C. § 2254(e)(1)[1]; *see also Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) ("We

give complete deference to state court findings unless they are clearly erroneous").

　　　　The United States Supreme Court has explained the proper application of the "contrary

to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly
> established precedent if the state court applies a rule that contradicts the
> governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established
> precedent if the state court confronts a set of facts that are materially
> indistinguishable from a decision of this Court and nevertheless arrives at a result
> different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

　　　　With respect to the "unreasonable application" clause of § 2254(d)(1), the United States

Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the

"unreasonable application" clause when "a state-court decision unreasonably applies the law of

this Court to the facts of a prisoner's case."  *Id.* at 409.  The Court defined "unreasonable

---

[1]　　　28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State
> court, a determination of a factual issue made by a State court shall
> be presumed to be correct.

3

application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should
> ask whether the state court's application of clearly established federal law was
> objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect
> application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application"
> clause, then, a federal habeas court may not issue the writ simply because that
> court concludes in its independent judgment that the relevant state-court decision
> applied clearly established federal law erroneously or incorrectly.  Rather, that
> application must also be unreasonable.

*Id.* at 409-11.

If a claim is fairly presented in state court, but the state court, although denying the claim, fails to address it, a federal court on habeas review must conduct an independent review of the state court's decision.  *Harris v. Stovall*, 212 F.3d 940 (6th Cir. 2000).  This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented."  *Id.* at 943.  However, the independent review "is not a full, *de novo* review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA."  *Id.*

"Where the state court fails to adjudicate a claim on the merits, however, AEDPA's deferential standard of review does not apply."  *Williams v. Anderson*, 460 F.3d 789, 796 (6th Cir. 2006).  "If deference to the state court is inapplicable or inappropriate," the court exercises it "independent judgment" and reviews the claim *de novo*.  *McKenzie v. Smith*, 326 F.3d 721, 726-27 (6th Cir. 2003).

**III.**

4

**A.**

Petitioner claims that his constitutional right to a speedy trial was violated.  Respondent argues that this claim has been waived by Petitioner's guilty plea.

The Supreme Court has held that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process."  *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations.  *Id*; *see also U.S. v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001) (holding that "[a] voluntary and unconditional guilty plea waives all non-jurisdictional defects in the proceedings").  "The right to a speedy trial is not a jurisdictional issue."  *Howard v. White*, 76 F. App'x 52,  53 (6th Cir. Sept. 16, 2003).  Thus, Petitioner's guilty plea waived this claim.

**B.**

In his second habeas claim, Petitioner argues that his guilty plea was involuntary because it was entered without knowledge of the sentencing guidelines.

To be valid, a guilty plea must be voluntarily and intelligently made.  *Brady v. U.S.*, 397 U.S. 742, 748-49 (1970).  The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences."  *Id.* at 748.  The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it."  *Id.* at 749.  A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent.  *Id.* at 755, 757.  "[T]he decision whether or not to plead guilty ultimately rests with the client."  *Lyons v. Jackson*, 299 F.3d 588, 598 (6th Cir. 2002).

Failure to advise a defendant about the possible sentencing guidelines does not render a plea involuntary so long as the defendant was informed of the maximum possible sentence. "[F]or a defendant's plea of guilty to be voluntary, the defendant must be aware of the maximum sentence that could be imposed." *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994); *U.S. v. Quiroga*, 554 F.3d 1150, 1155 (8th Cir. 2009). There is no constitutional requirement that a defendant be informed of a possible minimum sentence. *Accord Canady v. Warden, Lebanon Correctional Inst.*, 2009 WL 1097536, *7-8 (S.D. Ohio Apr. 22, 2009) (finding plea voluntary and knowing where defendant was informed of the maximum sentence).

The Sixth Circuit has stated that in cases challenging the voluntariness of a plea agreement a petitioner is bound by his in-court statements regarding his understanding of the plea:

> If we were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy (which he now argues were untruthful) indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos v. Rogers*, 170 F.3d 560, 564 (6th Cir. 1999) (*quoting Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)).

In this case, the plea colloquy shows that Petitioner was informed of the maximum possible sentence he faced. He was also informed of the rights he was waiving by pleading guilty, such as the right to a jury. Petitioner indicated that he understood his rights and was voluntarily waiving them. Additionally, Petitioner stated that no promises had been made to him

in exchange for his guilty plea beyond those stated on the record.

Accordingly, the Court finds that Petitioner has not shown that his guilty plea was involuntarily or unknowingly made.

## C.

Finally, Petitioner argues that his attorney was ineffective because he failed to advise Petitioner of the sentencing guidelines prior to the plea hearing, incorrectly advised him that his guidelines were 16 to 20 months, and that he would not be given full credit for his probation violation.

Generally, to prevail on an ineffective assistance of counsel claim on habeas review, a petitioner must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

The two-part *Strickland* test applies to claims of ineffective assistance of counsel based upon counsel's conduct prior to the entry of a plea. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). In the context of guilty pleas, the first half of the *Strickland* test is the same standard set forth above. *Id.* The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.*

The trial court transcript shows that Petitioner was informed of the maximum sentence he

faced. At sentencing, Petitioner did not express any concern or surprise when informed of the guidelines. To the extent that his attorney incorrectly informed him or he misunderstood his attorney regarding the sentencing guidelines, Petitioner has not shown a reasonable probability that, but for counsel's errors, he would not have pleaded guilty. The Court finds that Petitioner has failed to show that his attorney was ineffective in this regard.

**IV.**

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or it may wait until a notice of appeal is filed to make such a determination. *Castro v. United States,* 310 F.3d 900, 903 (6th Cir. 2002). In deciding to deny the habeas petition, the Court has carefully reviewed the case record and the relevant law, and concludes that it is presently best able to decide whether to issue a COA. *See id.* at 901-02 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.) (*quoting, Lyons v. Ohio Adult Parole Auth.,* 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997)).

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (internal quotation omitted). In this case, the Court concludes that reasonable jurists would not debate the

8

Court's conclusion that the petition does not present any claims upon which habeas relief may be granted. Therefore, the Court will deny a certificate of appealability.

**V.**

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  September 3, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that on  September 3, 2009  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:     Brian O. Neill               , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:    Willie Smith, #489974, Bellamy Creek Correctional Facility, 1727 W. Bluewater Highway, Ionia, MI 48846              .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(313) 234-5137